# Lipsitz Green Scime Cambria LLP

Attorneys at Law    42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924   P 716 849 1333   F 716 855 1580 (Not for Service)   www.lglaw.com

Paul J. Cambria, Jr. [1,3,5]
James T. Scime
Herbert L. Greenman
Michael Schiavone
Laraine Kelley
William M. Feigenbaum
Joseph J. Gumkowski
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
George E. Riedel, Jr. [2]
Michael P. Stuermer [3]
Jeffrey F. Reina
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Jonathan W. Brown [3]
Philip Scaffidi
Robert E. Ziske
Thomas C. Burnham
Patrick J. Mackey [4]
Matthew B. Morey
Elizabeth A. Holmes
Max Humann [1,6]
Katherine A. Gillette
Lynn M. Bochenek
Joseph L. Guza
Kathryn G. D'Angelo
Adam M. Lynch
Emily H. O'Reilly [7]
Richard A. Maltese, Jr.
Joseph A. Agro
Kenneth A. Grossberg

OF COUNSEL
Patrick C. O'Reilly

SPECIAL COUNSEL
Denis A. Scinta
Richard D. Furlong
Scott M. Schwartz
Diane M. Perri Roberts

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith T. Williams
Patricia N. Lyman

[1] Also admitted in District of Columbia
[2] Also admitted in Florida
[3] Also admitted in California
[4] Also admitted in Illinois
[5] Also admitted in Pennsylvania
[6] Also admitted in Maryland
[7] Also admitted in New Jersey

March 16, 2015

**VIA ECF FILING**

Hon. Frederic Block, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   Jose Calderon v. Zano Industries, Inc. and Fred Provenzano
      Case No. 1:15-cv-00814 –FB-SMG

Dear Judge Block:

Our office has been retained to represent the Defendants Zano Industries, Inc. and Fred Provenzano ("Defendants") in the above-referenced matter. Defendants intend to file a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and request that Plaintiff's Complaint be dismissed in its entirety. In accordance with this Court's Local Rules, I am writing to request a pre-motion conference with the Court and opposing counsel to discuss this motion. The last day for Defendants to respond to Plaintiff's Complaint is March 19, 2015.

The basis for Defendants' motion is that Plaintiff's federal claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), is time barred and should be dismissed with prejudice. Concomitantly, as there is otherwise no federal jurisdiction over this dispute, Plaintiff's state law claims should also be dismissed without prejudice.

By way of background, Plaintiff Jose Calderon ("Plaintiff") is alleged to have been employed by Defendants from May 2008 to June 2009.[1] Plaintiff contends that during his alleged employment, Defendants failed to pay him all wages to which he was legally entitled.[2]

The alleged basis for federal jurisdiction over the subject matter of this dispute is predicated solely upon the Defendants' alleged violation of the FLSA. To that end, Plaintiff alleges that jurisdiction is predicated upon 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.[3] Of the eight claims for relief alleged by Plaintiff, only the first claim for relief (Count 1) alleges an FLSA violation.[4] The remaining seven (7)

---

[1] *Complaint* at ¶ 11 [Docket No. 1].
[2] *Id.* at ¶¶ 14-15.
[3] *Id.* at ¶4. There can be no diversity jurisdiction because each of the parties are citizens of New York. *Complaint* at ¶¶ 8-10.
[4] *Id.* at ¶¶ 17-28.

**Lipsitz Green Scime Cambria** LLP

March 16, 2015
Page 2

claims allege either violation of New York statutes (Counts 2, 3 and 4) or New York common law (Counts 5-8).[5] Plaintiff alleges supplemental jurisdiction for each of the state law claims.[6]

The statute of limitation for Plaintiff's FLSA claim is, at most, three (3) years;[7] a fact Plaintiff admits in his Complaint.[8] By his own admission, Plaintiff's alleged employment ended in June 2009. Under the FLSA, a claim accrues on the next regular payday following the work period when services are rendered. Plaintiff's FLSA claim therefore accrued, if at all, in June 2009, and was required to be brought by no later than June 2012. Plaintiff commenced this action on February 17, 2015. Accordingly, as clearly set forth on the face of his complaint, Plaintiff's FLSA claim was time-barred well prior to commencement of this action and should be dismissed.

Assuming that the federal claim is dismissed as time barred, the only remaining claims are Plaintiff's state law claims. This Court should elect not to hear those claims, which predominate Plaintiff's complaint, and dismiss them without prejudice for re-filing in state court, if at all.

Very truly yours,

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: *Barry N. Covert* (ms)
Barry N. Covert

BNC:jh

Cc:   Gina Redrovan, Esq.

Writer's Extension: 365
Writer's Direct Fax: 716-8849-1315
E-Mail: bcovert@lglaw.com

---

[5] *Id.* at ¶¶ 29-78.
[6] *Id.* at ¶ 4.
[7] 29 U.S.C. § 255(a).
[8] *Complaint.* at ¶ 5.

